KEB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Daniela Pantoja Pacheco, as Next Friend of Yusmany Santiesteban Acosta, | No. CV-26-00650-PHX-SHD (CDB) |
|---|---|
| Petitioner, | |
| v. | **ORDER** |
| Unknown Party, | |
| Respondent. | |

Petitioner, through a next friend, filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.)

**I.    Petition**

In the Petition, Daniela Pantoja Pacheco purports to file the § 2241 Petition as "next friend." Ms. Pacheco alleges that Petitioner was removed to Mexico "without his consent, despite being a Cuban national[,] and despite Cuba not accepting him." (Doc. 1 at 14.) She further claims that Petitioner was "misled by immigration officials into presenting himself" at a port of entry in for lawful processing, "only to be [re-]detained" and "charged without an opportunity to explain his circumstances" on November 25, 2025. (*Id.* at 6.) Petitioner was allegedly later transferred into ICE custody "without notice or justification." (*Id.*) Ms. Pacheco also states that while Petitioner has been in ICE custody, "ICE has failed to ensure" Petitioner has had "adequate medical care" for his "serious psychiatric conditions," which require "ongoing treatment." (*Id.*)

## II.    Next Friend

While a non-attorney may represent himself, he has no authority to appear as an attorney for another.  *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (stating "[a]lthough a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him," and "[h]e has no authority to appear as attorney for others than himself" (citations omitted)).  There is no indication that Ms. Pacheco is an attorney or admitted to practice in this District.

In *rare* circumstances, a third party may, *through counsel*, seek habeas corpus relief on behalf of someone else as a "next friend."  *C.E. Pope Equity Tr.,* 818 F.2d at 697.  That is, "next friend" standing "has long been an accepted basis for jurisdiction in certain circumstances." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).  "Most frequently, 'next friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Id*.  Indeed, 28 U.S.C § 2242 provides: "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*." (Emphasis added.)  A "next friend" does not become a party to the habeas corpus action, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163.

"'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.*  To qualify for "next friend" standing, a "next friend" must "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," must be "truly dedicated to the best interests of the person on whose behalf he seeks to litigate," and "must have some significant relationship with the real party in interest." *Id.* at 163-64.  "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Ms. Pacheco is not represented by counsel and cannot appear on her own to

prosecute this habeas corpus action on behalf of Petitioner.

For the foregoing reasons, the Court will dismiss this Petition and action without prejudice.

**IT IS ORDERED**:

(1) The Petition (Doc. 1) is **dismissed without prejudice**.

(2) The Clerk of the Court shall enter judgment accordingly and **close** this action.

Dated this 3rd day of February, 2026.

_____
Honorable Sharad H. Desai
United States District Judge